NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARIA FOUNTAIN, | : | |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 06-2993 (WHW) |
| | : | |
| GIOVE LAW OFFICE, et al. | : | |
| | : | |
| Defendant. | : | |
| | : | |

**Walls, Senior District Judge**

Defendant moves to dismiss plaintiff's complaint pursuant to Fed. R Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, defendant's motion is decided without oral argument. The motion is granted.

### FACTS AND PROCEDURAL BACKGROUND

On June 30, 2006, plaintiff, Maria Fountain, filed a complaint alleging that defendants, Giove Law Office and John Does 1-10, violated the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. 1692 et seq. According to the complaint, defendants repeatedly contacted plaintiff at inconvenient times in an attempt to collect a debt that was, in fact, not owed by plaintiff, but by another individual.

Plaintiff alleges that in November 2003, a law firm in Florida contacted her and accused her of failing to make payments on a car purchased in Florida. In or about April or May of 2004, a representative of the defendants called plaintiff demanding payment in connection with a debt due on a car. Both times, plaintiff denied the accusations, explaining that she did not own and

**NOT FOR PUBLICATION**

never purchased the car in question.   The complaint alleges that "for the following approximately two years, the defendants continued to harass the plaintiff by telephone."  (Compl. at ¶ 10.)  Plaintiff states that she repeatedly told the defendants to cease contacting her, and then, on February 8, 2005, retained a law firm to prosecute the action.  That same date, plaintiff's lawyer – Ron Reich – sent a letter to defendants requesting that they cease and desist contacting the plaintiff.

These assertions all appear in the complaint under the heading "Factual Allegations."  In the next section, titled "Cause of Action," plaintiff pleads a single cause of action, incorporating by reference the earlier facts and adding specific allegations with respect to the timing and nature of the phone calls.  Plaintiff re-alleges that defendants made the first phone call in April/May of 2004.  She then describes the later phone calls, which she claims occurred "From April/May 2004 through February 2005."  (Compl. at ¶¶ 16, 18, 19.)  All three paragraphs characterizing these phone calls begin with a recitation of those dates.  (Id.)

On August 29, 2006, defendant moved to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6), arguing that plaintiff's claim is barred by the one year statute of limitations contained in the FDCPA.  See 15 U.S.C. §1692k(d).  In response, plaintiff filed only a certification in opposition to the motion.  The portions of the certification responsive to defendant's motion are the following:

> Also, as stated in my attorney's letter to Mr. Dominczyk on 27 August 2006, the law firm and their clients have presumed that the filing of the complaint and/or the first letter that was sent by my attorney was the end of all of the harassment and mental anguish that I suffered at the hands of the Defendants.

NOT FOR PUBLICATION

>These phone calls [] were very threatening and came even after my attorney
>had sent a letter to the Defendant law firm to cease and desist their
>unconscionable conduct.

(Pl.'s Opp'n at ¶¶ 5,7.)  Plaintiff also attaches the August 27, 2006 letter referenced in the

certification.  In it, her attorney states that he received a letter from Mr. Giove and that "[h]e, as

well as you, have presumed that our complaint is time barred by 11 U.S.C. §1692k [sic] but you

both have failed to understand that the improper acts under the FDCPA were continuing after the

date of the filing of the complaint in this matter."

### LEGAL STANDARD

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court is required to

accept as true all allegations in the complaint and allow reasonable inferences in the light most

favorable to the non-moving party.  Board of Trustees of Bricklayers and Allied Craftsmen Local

6 of N.J. Welfare Fund v. Wettlin Assoc. Inc., 237 F.3d 270, 272 (3d Cir. 2001).  The question is

whether relief could ever be "granted under any set of facts that could be proved consistent with

the [claimant's] allegations," not whether that person will ultimately prevail.  Hishon v. King &

Spalding, 467 U.S. 69, 73 (1984).

While a court will accept well-plead allegations as true for the purposes of the motion, it

will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions

cast in the form of factual allegations.  See Doug Grant, Inc. v. Greate Bay Casino, 232 F.3d 173,

184 (3d Cir. 2000) (quoting City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13

(3d Cir. 1998)).  Moreover, the claimant must set forth sufficient information to outline the

elements of his claims or to permit inferences to be drawn that these elements exist.  See Fed. R,

NOT FOR PUBLICATION

Civ. P. 8(a)(2);  Kost v. Kuzakiewics, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles A.

Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 at 340 (2d ed. 1990)).

In general, "a district court ruling on a motion to dismiss may not consider matters

extraneous to the pleadings" without converting the motion to one for summary judgment.  In re

Burlington Coat Factory Securities Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  An exception is

made for documents attached to or specifically referenced in the complaint and matters of public

record.  See Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003);

see also 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 at 376

(3d ed. 2004).

**DISCUSSION**

The statute of limitations in the FDCA is set forth in 15 U.S.C. § 1692k(d):

(d) Jurisdiction

An action to enforce any liability created by this subchapter may be brought in any
appropriate United States district court without regard to the amount in
controversy, or in any other court of competent jurisdiction, within one year from
the date on which the violation occurs.

Plaintiff filed her complaint on June 30, 2006.  Defendant argues that the statute of

limitations would bar a claim for any acts that occurred more than one year before the date of

filing, i.e., before June 30, 2005.  As defendant points out, plaintiff specifically alleges in three

places that the phone calls continued until February 2005.  Defendant therefore argues that

plaintiff's claim is barred by the statute of limitations and requests that this Court dismiss the

complaint.

NOT FOR PUBLICATION

Under Third Circuit law, a statute of limitations may be raised as a defense on a 12(b)(6) motion if the "time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978). The Court finds that plaintiff's statements that the calls continued until February 2005 "affirmatively" show "that the claim is barred." Id.

Plaintiff's complaint is not saved by the statement in the "factual allegations" section that plaintiff was harassed "for the following approximately two years." In deciding a motion to dismiss, the Court will allow reasonable inferences in the light most favorable to the non-moving party. However, those inferences must be reasonable. Here, the plaintiff makes a vague allegation in an introductory factual statement and then supports that allegation with specific facts upon which she relies in bringing her single cause of action. In the face of plaintiff's repeated statement that the calls continued "through February 2005," the Court finds it would strain reason to read plaintiff's complaint to assert a claim for acts that continued after February 2005. It is unclear from the complaint when exactly the "approximately two year" period occurred. While it is possible that, in fact, defendant did continue to call plaintiff after February 2005 and even past the critical date – June 30, 2005 – the Court will not speculate as to facts that are inconsistent with what the plaintiff has plainly alleged. What is clear from the complaint is that plaintiff has claimed a violation of the FDCPA only in connection with acts that occurred through February, 2005.

The factual allegations contained in plaintiff's certification in opposition to the motion to dismiss cannot remedy this problem. In considering a motion to dismiss, the court generally will

**NOT FOR PUBLICATION**

not consider matters extraneous to the pleadings.  <u>In re Burlington Coat Factory Securities Litig.</u>,

114 F.3d at 1426.  The exceptions to this rule – for documents attached to or specifically

referenced in the complaint and for matters of public record – do not apply to the statement in

plaintiff's certification.[1]  For this reason, even if plaintiff's certification stated in no uncertain

terms that the phone calls continued past June 30, 2005, that would be insufficient to remedy the

complaint.  However, plaintiff does not so state, and indeed never indicates when the calls ended.

Rather, the certification is fuzzy with respect to dates, indicating only that the calls continued

after her attorney's February 2005 letter and possibly after the June 30, 2006 filing of this

lawsuit.[2]  For purposes of the statue of limitations, it is not sufficient for plaintiff to assert that

the calls continued past February 2005; the critical date is June 30, 2005.

Although the Court finds that the complaint is inadequate, plaintiff's certification

suggests that she may be able to point to acts that would not be barred by the one-year statute of

limitations.  Under Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of

course any time before a responsive pleading is served.  In keeping with the spirit of this Rule,

---

[1]Nor does this exception apply to Mr. Reich's letter, which plaintiff attaches to her certification.

[2]In her certification, plaintiff states that the "the law firm and their clients have presumed that the filing of the complaint and/or the first letter that was sent by my attorney was the end of all of the harassment and mental anguish that I suffered at the hands of the Defendants."  (Pl.'s Opp'n at ¶ 5.)  But, plaintiff never clarifies when the calls stopped; her only affirmative statement in the certification is that "calls came even after my attorney had sent a letter to the Defendant law firm to cease and desist their unconscionable conduct." (Id. at ¶ 7.)  This statement does not necessarily imply that any calls were made on or after June 30, 2005.  Mr. Reich's letter, in contrast, states that the acts in question continued even after the filing of the <u>complaint</u> in this matter.

-6-

**NOT FOR PUBLICATION**

the Third Circuit has held that a district court should not dismiss a complaint for failure to state a claim without granting leave to amend, whether or not the plaintiff has requested leave, unless such amendment would be inequitable or futile.  Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976);  Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002); Chemtech Int'l, Inc. v. Chemical Injection Techs., Inc., 170 Fed. Appx. 805, 810-11 (3d. Cir. 2006).  In light of plaintiff's certification and the attached correspondence with defendant, the Court cannot conclude at this point that amendment would be either inequitable or futile. Accordingly, the Court will dismiss the complaint without prejudice and grant plaintiff leave to amend her complaint within thirty days to state a claim that is not time-barred.

To be perfectly clear, the Court holds that for purposes of amending the complaint, the critical date for the statute of limitations remains June 30, 2005.[3]  The Third Circuit has held that where a complaint is dismissed without prejudice in an order containing conditions for its reinstatement within a specified time period, the statute of limitations (for a claim that was proper at the original time of filing) is tolled provided the plaintiff meets those conditions. Brennan v. Kulick, 407 F.3d 603, 606-07 (3d Cir. 2005).  Consistent with that opinion, the Court holds that this conditional dismissal will not alter the relevant date for the statute of limitations.

At first glance, it might seem inappropriate to toll the statute of limitations during this thirty day period when the very defect in plaintiff's complaint is that the claim is time-barred. However, this Court is guided by the principle that every party is entitled to her day in Court,

---

[3] However, consistent with the spirit of Fed. R. Civ. P. 15(c), any new allegations will only benefit from the original filing date so long as they are sufficiently connected to the conduct alleged in the original complaint as to relate back to that pleading.

-7-

**NOT FOR PUBLICATION**

when possible.  See, e.g. Ortiz v. Fibreboard Corp., 527 US 815, 846 (1999).  Just as it makes

little sense for this case to go forward if all the alleged violations occurred outside the statute of

limitations, it is also improper to shut plaintiff out of court at this stage on account of poor

drafting by her attorney.  The Court finds that it would be inequitable to preclude plaintiff from

bringing claims she could have alleged when she first filed her complaint or soon thereafter, but

which she may be barred from bringing now on account of the necessary delay in briefing and

ruling on this motion.  If, as the complaint currently indicates, Plaintiff's claim that defendants

violated the FDCPA is time-barred, this case should not proceed.  If, on the other hand,

plaintiff's claim only appeared to be time-barred by virtue of a poorly drafted complaint, plaintiff

should be allowed to pursue her case at this juncture and should be entitled to benefit from the

filing date of her original complaint.

Accordingly, if plaintiff is able to allege a violation of the FDCPA that occurred on or

after June 30, 2005 – and thus could have been properly asserted in her original complaint – she

should have the opportunity to amend her complaint to clearly allege such violation.  If, however,

she cannot or does not so amend her complaint within thirty days from the entry of this opinion

and accompanying order, the complaint will be dismissed with prejudice.

**CONCLUSION**

For the preceding reasons, defendant's motion to dismiss is granted.  Plaintiff's complaint

is hereby dismissed without prejudice and plaintiff is granted leave to amend her complaint

within thirty (30) days to include allegations of conduct that would not be barred by the one-year

statute of limitations as of the original filing date of the complaint.

-8-

**NOT FOR PUBLICATION**

s/William H. Walls
United States Senior District Judge

**Appearances**

Attorney for Plaintiff:
Ron Reich
9 Broadway
Freehold, N.J. 07728

Attorney for Defendant:
Thomas R. Dominczyk
250 Route 28
Suite 203
Bridgewater, NJ 08807